FILED
APR 3 0 2009
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| Ramiro Hernandez a/k/a Ramiro Hernandez-Llanas, §§§ Petitioner, §§§ v. §§§ NATHANIEL QUARTERMAN, Director, Texas Department of Criminal Justice, Correctional Institutions Division, §§§§§ Respondent. § | CIVIL NO. SA-08-CA-805-XR |

### ORDER

Ramiro Hernandez Llanas, an indigent Texas death row inmate, has filed a motion seeking federal funds, pursuant to 18 U.S.C. § 3599(f), for the services of mitigation specialist Ms. Laura Tansey. In the Texas courts, Mr. Hernandez Llanas pled a claim that his trial counsel rendered ineffective assistance at the punishment phase by failing to properly investigate and present available mitigating evidence. Petitioner's state court pleadings alleged that counsel failed to investigate and present a wide range of mitigating evidence related to his social history. In addition, Petitioner's state court pleadings alleged that Mr. Hernandez Llanas has mental retardation and that his execution would, therefore, constitute a violation of his right to be free from cruel and unusual punishment under the 8th Amendment of the U.S. Constitution. Thus, Petitioner's funding request relates to claims that were presented to, and addressed by, the Texas courts.

The American Bar Association recognizes a mitigation specialist as "an indispensable member of the defense team in every . . . post-conviction proceeding." *See* ABA GUIDELINES

FOR THE APPOINTMENT AND PERFORMANCE OF COUNSEL IN DEATH PENALTY CASES, Commentary to Standard 4.1, at B (2003). Recent supplements to these guidelines, which address the mitigation function of defense teams, similarly mandate that "[t]he defense team must include individuals possessing the training and ability to obtain, understand and analyze all documentary and anecdotal information relevant to the client's life history." *See Supplementary Guidelines for the Mitigation Function of Defense Teams in Death Penalty Cases*, 36 HOFSTRA L. REV. 677, 682 (2008) (Guideline 5.1(B)). The Supplementary Guidelines apply to all stages of capital cases, including post-conviction cases. *Id.* at 679.

This Court finds that the requested funds are reasonably necessary in the context of litigating a claim of ineffective assistance of counsel pursuant to *Wiggins v. Smith*, 539 U.S. 510 (2003) as well as a claim of mental retardation pursuant to *Atkins v. Virginia,* 536 U.S. 304 (2002). Further, the Court finds that Ms. Tansey is qualified to serve as a mitigation specialist in this case. Ms. Tansey is an attorney experienced in developing mitigation evidence in capital cases involving Mexican nationals.

Accordingly, the Court **GRANTS** Petitioner's motion and authorizes Ms. Tansey, commencing February 27, 2009, to incur up to $ 7,500.00 in fees and expenses, at the rate of $85.00/hour.

SIGNED this 30th day of April, 2009, at San Antonio, Texas.

UNITED STATES DISTRICT JUDGE