UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED
SEP 23 2009
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

| | |
|---|---|
| RAMIRO HERNANDEZ a/k/a<br>RAMIRO HERNANDEZ-LLANAS,<br>TDCJ No. 999342,<br><br>      Petitioner,<br><br>v.<br><br>RICK THALER, Director,<br>Texas Department of Criminal<br>Justice, Correctional<br>Institutions Division,<br><br>      Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§    CIVIL NO. SA-08-CA-805-XR |

### ORDER DENYING WITHOUT PREJUDICE PETITIONER'S MOTION FOR STAY

The matter before this Court is petitioner's motion for stay, filed September 9, 2009, docket entry no. 33.

Motion for Stay

Petitioner recently filed a second state habeas corpus application asserting four new claims for relief. Petitioner claims his federal habeas counsel only recently discovered the factual bases for these claims. However, this court's review of petitioner's motion and the attachments thereto reveals petitioner is relying upon public documents and other information readily available to the public at large at the time of petitioner's trial to support petitioner's new claims. Furthermore, petitioner has failed to allege any specific facts showing precisely how or when petitioner's current federal habeas counsel "discovered" the factual bases for petitioner's new claims.

Thus, there is no showing before this Court *at this time* that any of the factual bases underlying petitioner's currently unexhausted claims were unavailable at the time petitioner's filed his original state habeas corpus application. Applicable Texas statutes require, in part, that a second or successive state habeas application presenting new claims include a showing that the factual bases underlying the new claims was unavailable at the time the applicant filed his original state habeas corpus application. *See* Art. 11.071, §5(a), Tex. Code Crim. Proc. Ann. (Vernon Supp. 2008)(barring consideration on the merits of new claims contained in a subsequent state habeas corpus application unless either (1) the new claims could not have been presented in a previous application because the legal or factual basis for the new claims were unavailable at the time the previous application was filed; (2) by a preponderance of the evidence, but for a violation of the United States Constitution, no rational juror could have found the applicant guilty beyond a reasonable doubt; or (3) by clear and convincing evidence, but for a violation of the United States Constitution, no rational juror would have answered in the state's favor one or more of the capital sentencing special issues).

Without some explanation regarding precisely when petitioner's federal habeas counsel came into knowledge of the factual bases underlying petitioner's new claims, there is no realistic

possibility the Texas courts will ever reach the merits of petitioner's successive state habeas corpus application.

While it is possible petitioner can show his failure to present his new claims in his original state habeas corpus application was not the result of a lack of due diligence on the part of his original state habeas counsel, at this time, petitioner has failed to satisfy this Court that petitioner's new claims will not face summary dismissal by the state courts under applicable state statutes. Thus, at this time, there appears to be no reason to stay proceedings in this cause.

Petitioner filed his amended federal habeas corpus petition on September 9, 2009. Under this Court's latest scheduling order, respondent has approximately two months to file his answer or other responsive pleading. Thereafter, petitioner will be permitted to file a reply brief. It is therefore possible petitioner's latest state habeas corpus application will be disposed of by the appropriate state courts prior to the completion of the pleading phase of this cause. Under such circumstances, there does not appear to be any reason at this juncture to delay the date on which respondent is to file his response to petitioner's amended petition. If, after the parties have completed their briefing in this cause, petitioner can make a showing of precisely how and when his federal habeas counsel discovered the factual bases underlying petitioner's new claims, and petitioner can demonstrate that these

same facts were unavailable at the time petitioner filed and litigated his original state habeas corpus action, this Court will entertain another motion for stay. Absent such a showing, however, petitioner is not entitled to a stay at this time to litigate claims which, in all reasonable likelihood, face the realistic prospect of summary dismissal by the state courts on procedural grounds.

Accordingly, it is hereby **ORDERED** that all relief requested by petitioner in his motion to stay, filed September 9, 2009, docket entry no. 33, is **DENIED** WITHOUT PREJUDICE.

**SIGNED** this 23rd day of September, 2009.

    _____
    XAVIER RODRIGUEZ
    United States District Judge